CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 05 2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:05-CR-30044 |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY AUGUSTA SMITH, | ) | By: Hon. Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Anthony Augusta Smith, represented by counsel, filed a motion to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF No. 114.[1] Smith has discharged his underlying sentence of 120 months and currently is serving a term of 30 months for violation of the conditions of supervised release. The government asserts that Smith is ineligible for consideration of a reduction in his sentence because he is not currently serving a term for a covered offense under the First Step Act and also asserts that granting him relief would serve no reasonable sentencing objective. For the reasons set forth below, the court **DENIES** Smith's request for relief.

## BACKGROUND

On February 15, 2006, Smith entered into a plea agreement where he pled guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base as charged in Count 1 of the indictment. ECF Nos. 1, 34. Pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(A), Smith faced a statutory minimum sentence of ten years. 21 U.S.C. § 841(b)(1)(A); ECF No 115 at 16.

---

[1] Smith also filed a pro se motion to reduce his sentence. ECF No. 113.

Under the sentencing guidelines, based on the agreed amount of 62.25 grams of cocaine base, Smith had a base offense level of 32, decreased by 3 levels for a total offense level of 29. ECF No. 115 at 6. Coupled with a criminal history category of IV, his guideline range was 121 to 151 months. U.S.S.G. Ch. 5, Part A; ECF No. 115 at 16. On May 10, 2006, Smith was sentenced to a term of 121 months to be followed by a 5-year term of supervised release. ECF No. 50 at 2-3. His term of imprisonment was later reduced to 120 months as a result of Amendment 706 to the federal Sentencing Guidelines.

On June 7, 2013, Smith completed his federal sentence[2] and was released to begin his 5-year term of supervised release. On October 13, 2017, an arrest warrant was issued for Smith, following allegations by Smith's probation officer that he had failed a drug test and also because he had been arrested on a drug charge in state court.[3] ECF Nos. 92-93. Following a hearing on November 5, 2018, Smith was found guilty of violating the terms of his supervised release; his supervised release was revoked; and he was sentenced to serve a 30-month term in the BOP. The court did not impose an additional term of supervised release. ECF Nos. 108-111, 112. According to the BOP Inmate Locator Website, Smith's projected release date is October 3, 2020.

---

[2] Smith received credit toward his sentence for completing the 500-hour Residential Drug Abuse Program offered by the BOP.

[3] A warrant charging Smith with three counts of possession with intent to distribute a controlled substance was issued on July 20, 2017 by the Staunton Commonwealth Attorney's Office. Smith later was convicted on the charges and served 11 months of active time with four years and one month suspended. ECF Nos. 92 at 1-2; 108 at 1-2.

2

# I.

At the time Smith was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

It is undisputed that Smith committed his offense before August 3, 2010, and his offense carries the statutory penalties which were modified by Section 2 or 3 of the Fair

Sentencing Act. Smith argues that had he been sentenced when the provisions of the Fair Sentencing Act were in effect, that his sentencing range would have been 57 to 71 months, subject to a 5-year statutory minimum, and because he served almost 92 months on his sentence, the overserved time should be credited toward the term he currently is serving for violation of the terms of his supervised release.

The government responds that because Smith is serving a sentence related to violation of the terms of his supervised release rather than for his underlying drug conviction, he is not serving time for a covered offense under the First Step Act and this court lacks jurisdiction to consider his motion. The government further argues that no reasonable sentencing objective would be served by reducing his original sentence to allow him to receive credit against his current revocation sentence.

## II.

Under the First Step Act, a covered offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). The government argues that the Fair Sentencing Act applies only to violations of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B), and 844 and that it has no bearing on sentences imposed on supervised release revocations. Because Smith is serving a sentence related to violation of the terms of his supervised release, pursuant to 18 U.S.C. § 3583, the government asserts that he is not serving

a sentence for the underlying drug conviction and thus is not serving a sentence on a "covered offense."

However, the inclusion of a term of supervised release following a sentence is part of the sentence. See 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . .) In addition, the Supreme Court rejected the notion that revocation of supervised release is punishment for violations of the conditions of supervised release in Johnson v. United States, 529 U.S. 694 (2000) (Johnson I). Rather, postrevocation sanctions are part of the penalty for the initial offense. Id. at 700. To find that postrevocation sanctions are imposed for violations of the terms of supervised release would raise constitutional concerns.

> Although such violations often lead to reimprisonment, the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt. See 18 U.S.C. § 3583(e)(3) (1988 ed. Supp. V). Where the acts of violation are criminal in their own right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense. Treating postrevocation sanctions as part of the penalty for the initial offense, however (as most courts have done), avoids these difficulties.

Id. "We therefore attribute postrevocation penalties to the original conviction." Id. at 701. Accordingly, this court finds that Smith is serving a sentence for a covered offense for purposes of the First Step Act.

## III.

The government next argues that no reasonable sentencing objective would be served by reducing Smith's original sentence, citing in support United States v. Johnson, 529 U.S. 53, 54 (2000) (Johnson II). There, an offender had been serving time in federal prison on multiple felonies when two of his convictions were declared invalid. He asked that his excess prison time be credited to the supervised release term to reduce its length. Id. The Sixth Circuit Court of Appeals agreed, finding that his term of supervised release commenced not on the day he was released from prison, but on the day his lawful term of imprisonment expired. Id. at 55-56. The Supreme Court reversed and remanded, finding that the Court of Appeals "erred in treating respondent's time in prison as interchangeable with his time of supervised release." Id. at 59-60.

The Court reasoned that "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct form those served by incarceration." Id. at 60. See also United States v. Sanchez, 891 F.3d 535, 541 (4th Cir. 2018) (declining to find that a term of supervised release was "unnecessary and unjustified" when defendant had already served an extra five years on an unconstitutional sentence and essentially was asking that excess prison time be credited to his revocation sentence).

Although Johnson II stands for the notion that a term of supervised release cannot be offset by an overserved prison term, Johnson I clarifies that once a sentence is revoked for

violation of the terms of supervised release, the postrevocation penalties are part of the punishment for the underlying offense. Smith was reincarcerated following revocation of the terms of supervised release and the court finds that it has the authority to reduce Smith's term of supervised release.

Nevertheless, although it appears that Smith is eligible for consideration of a sentence modification, the circumstances of this case compel the court to exercise its discretion and deny a reduction in Smith's sentence. See Sec. 404(c) of the First Step Act ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.") Smith violated the conditions of supervised release when he possessed with intent to distribute more drugs after his initial conviction. If he were allowed to apply his overserved time to his current period of incarceration, it would undermine the purpose of supervised release, because it would greatly limit the court's ability to sanction him for violating the terms of release. In addition, allowing him credit toward his incarceration would undermine the mandate of 18 U.S.C. § 3583(g), which makes revocation mandatory for possession of a controlled substance in violation of the condition set forth in § 3583(d)).

Also, as a matter of policy, if prisoners entitled to First Step Act relief were allowed to "bank" time on overserved sentences to offset terms of incarceration following revocation of supervised release, it would provide a disincentive to obey the terms of supervised release. In essence, it would serve as a "get-out-of-jail-free" card and this court does not believe such a result is consistent with the federal sentencing scheme.

Accordingly, the court declines to reduce Smith's sentence under the First Step Act. His motions for relief, ECF Nos. 113 and 114, are **DENIED**. An appropriate Order will be entered.

It is so **ORDERED**.

Entered: 08-05-2019

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge